Liston F. Coon, J.
Respondent is charged with being a juvenile delinquent in a petition made and verified by a member of the New York State Police. The petition alleges upon information and belief that, “ Subject did at the above time and place at the instruction of his mother discharge a .22 Cal. Rifle at his Step-father and three children who were driving out of the driveway in a motor vehicle.” The petition further alleges that if the complained of acts were committed by an adult they would constitute the crime of reckless endangerment in the first degree.
Counsel representing the respondent has moved for dismissal of the petition in two respects. First, it is claimed that the court has no jurisdiction over the proceeding in that a State Trooper is not a proper person to originate a proceeding for juvenile delinquency.
*361 The thrust of counsel’s argument is that although subdivision (a) of section 733 of the Family Court Act provides that a peace officer may originate a juvenile proceeding, a State Trooper is not a peace officer as defined by the appropriate sections of the Code of Criminal Procedure.
Secion 960 of the Code of Criminal Procedure provides as follows. “ Unless when otherwise provided, the term £ peace officer ’ signifies any one of the officers mentioned in section one hundred and fifty-four.”
Section 154 of the Code of Criminal Procedure sets forth the numerous law enforcement officials who are denominated as peace officers. Members of the New York State Police are not included and are therefore not “peace officers”. No other statute defines a peace officer.
However, counsel fails to take cognizance of section 223 of the Executive Law which provides that members of the State Police shall have the right to arrest with or without a warrant of arrest, to execute search warrants and, £ 1 to exercise all other powers of peace officers of the state of New York.”
The failure of the Legislature to include members of the State Police in the long list of those set forth in the present statute listed as peace officers is not readily discernible. Under the Criminal Procedure Law (L. 1970, ch. 996, eft. Sept. 1, 1970) this technical differentiation is eliminated. (See § 1.20, subds. 33 and 34.)
The court holds that a member of the State Police is a proper person to originate a juvenile delinquency proceeding under the Family Court Act.
The second motion of respondent’s counsel raises issues of greater substance. It is contended that even if the facts alleged in the petition were established, they would not support a conviction for reckless endangerment in the first degree if committed by an adult.
Because the writer, as County Judge, has previously held in a criminal action (People v. Bond, unreported) that reckless endangerment in the first degree cannot lie against a specified individual or individuals, it is deemed pertinent to expand upon this conclusion here.
Section 120.25 of the Penal Law provides that, £ ‘ A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person.”
In the former Penal Law, section 1044 (subd. 2) defined one type of first degree murder as the killing of a human being £ £ by *362 an act imminently dangerous to others, and evincing a depraved mind, regardless of human life, although without a premeditated design to effect the death of. any individual ’
There is an analogy to be drawn, I think, between these two statutes as bearing upon the legislative intent in creating the crime of reckless endangerment in the first degree. The Practice Commentary to be found in McKinney’s Consolidated Laws of New York (Book 39, p. 219) bears out the court’s theory that the intent of the statute is to encompass those criminal acts perpetrated not against specific persons but evincing the wanton and reckless conduct towards unspecified persons by reason of a depraved indifference to human life in general, similar to the former murder statute.
The Practice Commentary reads, in part, “ This crime represents the third and lowest of three rungs on a ladder of homicide and assault crimes based upon reckless conduct of the indicated extreme or depraved nature. The application of this trio of offenses may be illustrated by reference to the case of the wantonly reckless shooting into a crowd without any specific intent to kill or injure. ’ ’
Such was the case in the murder prosecution in People v. Jernatowski (238 N. Y. 188). During a strike disturbance in Buffalo the defendant and his brothers fired several shots into a house occupied by persons unknown to them. One of the shots struck and killed an occupant. The trial court charged the jury under subdivision 2 of section 1044 of the Penal Law. The resulting conviction was affirmed by the Court of Appeals which held that the penal provision in question was designed for those cases where a life is taken in a general and indiscriminate way under circumstances evincing great depravity and utter recklessness to human life and not where the conduct is directed to any particular individual.
An opposite result was reached in People v. Ludkowitz (266 N. Y. 233) where a conviction under a subdivision 2 of section 1044 charge was reversed. The Court of Appeals said (p. 243): “ That subdivision is not applicable to the facts in this case. It clearly appears that the person who fired the fatal shots deliberately aimed at the deceased, that his intent was to hit a particular person, i.e., the deceased.”
Extensive interpretation of the applicable statute was held in the 1854 case of Darry v. People (10 N. Y. 120, 157) in which one of the writing Court of Appeals Judges said: “ I think that subdivision was designed to cover a very different class of- cases; such as, where death is caused by firing a loaded gun into a crowd, by poisoning a well from which people are accustomed *363 to draw water, or by opening the draw of a bridge, just as a train of cars is about to pass over it.”
In similar fashion this court construes the intent of the Legislature in enacting present Penal Law section 120.25, by the very wording of the statute, to make it applicable to those acts of indiscriminate and wanton conduct directed at no one in particular.
Even if the facts in this case were such as to bring it within the purview of the statute under consideration, the petition could not stand. Although the Family Court is not a criminal court, its procedures in juvenile delinquency proceedings are at least quasi-criminal in nature and there must at least be some modicum of compliance with criminal procedure in the pleading stage. Thus it has been held that a juvenile delinquency petition must charge sufficient facts which would constitute a specific crime if committed by an adult. (Matter of Walsh, 59 Misc 2d 917.)
Here the petition merely recites that the respondent allegedly discharged a rifle at his stepfather and his siblings as they drove out of the driveway. It then alleges that if these acts were done by an adult it would constitute reckless endangerment in the first degree. This is woefully inadequate. The elements of the adult crime recited are in no way alleged nor are sufficient facts alleged upon which such conclusion might reasonably be inferred.
The petition before the court is dismissed with leave to the petitioner, if he so desires, to file a new and appropriate petition.