THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM EDWARD LAMPHEAR, Appellant.

Third Department, December 7, 1970.

*Ernest Abdella* and *George Abdella* for appellant.

*Thomas M. Persico, District Attorney,* for respondent.

Cooke, J. This is an appeal from a judgment of the County Court of Fulton County rendered November 20, 1969 upon a verdict convicting defendant of the crime of reckless driving in violation of section 1190 of the Vehicle and Traffic Law, as charged in one count in the indictment. The jury found defendant not guilty of criminally negligent homicide (Penal Law, § 125.10), as accused in a second count.

On April 8, 1969, while sunny and when the pavement was clean and dry, defendant, driving easterly on County Road 107, collided head-on with a motorcycle in the westbound lane, it being conceded by him at trial that the cycle operator died as a result of injuries suffered in the accident. From the point of impact, the highway, for which a 50-mile speed limit was in force, is straight and level in either direction for a distance estimated to be as long as half a mile. Prior to contact, defendant, following another vehicle, was traveling at a speed estimated by one witness at over 80 miles per hour and by defendant at 45 to 50 miles per hour.

Appellant contends that the crimes of criminally negligent homicide and reckless driving are predicated on the same elements and that the acquittal on the former mandates one on the latter, citing *People* v. *Bowles* (280 App. Div. 476, 480) in which it was held that the quantum of proof as to negligent operation was the same under counts of an indictment charging a

violation of former section 1053-a of the Penal Law and reckless driving. The point is premised on the erroneous assumption that present section 125.10 of the Penal Law is not substantively different from the old section 1053-a.

While section 1053-a previously provided that '' a person who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a human being is killed, is guilty of criminal negligence in the operation of a vehicle resulting in death '', present section 125.10 prescribes that '' a person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person.'' Criminal negligence, as defined in subdivision 4 of section 15.05 of the revised Penal Law, requires a failure '' to perceive a substantial and unjustifiable risk '' and that such risk be of the nature and degree that '' the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation ''. '' Recklessly '' is separately and distinctively defined (Penal Law, § 15.05, subd. 3) and to equate the two would disregard explicit statutory content and structure. The reckless offender is aware of the proscribed risk and '' consciously disregards '' it, while the criminally negligent offender is not aware of the risk created and, hence, cannot be guilty of consciously disregarding it (McKinney's Cons. Laws of N. Y., Book 39, Practice Commentary by Denzer and McQuillan, following §§ 15.05, 125.10). '' Criminal negligence '' now imports a lower form of criminality than '' recklessly ''. The revised Penal Law contains criminal sanctions for an individual's failure to perceive a substantial and unjustifiable risk manifesting a gross deviation from a reasonable standard of care (see Marks and Paperno, Criminal Law in New York Under the Revised Penal Law, § 194). This represents a marked change from prior case law, the former Penal Law containing no crime the equivalent of section 125.10. The mere fact that said section was derived in part from former 1053-a does not mean that they are identical. Since the elements of section 125.10 and reckless driving are not the same (*People* v. *Wall,* 34 A D 2d 215, 218; *People* v. *Buffington,* 61 Misc 2d 429), acquittal on one does not compel acquittal on the other, anything that might be implied to the contrary in *People* v. *Taylor* (31 A D 2d 852) notwithstanding. Indeed, in *Taylor* we recognized the distinction between a conscious disregard of a risk and a failure to perceive a risk. Even overlooking the obvious difference in components, each count is to be regarded as a separate indictment and consistency in the verdict was not necessary (cf. *People* v. *Delorio,* 33 A D 2d 350, 353).

There was considerable evidence indicating that defendant was proceeding at an excessive and illegal rate, although, of course, mere speed in excess of that allowed by statute is not alone sufficient to constitute the crime of reckless driving (*People* v. *Grogan,* 260 N. Y. 138, 144). However, that speed, combined with the overtaking and passing of the standing vehicle by going into the left lane when, admittedly, the view ahead was not clear and said lane was not free of oncoming traffic (see Vehicle and Traffic Law, §§ 1120, 1124), formed an adequate basis for the jury's determination that defendant unreasonably interfered with the free and proper use of the public highway and unreasonably endangered the users thereof. The reckless driving guilty verdict was not against the weight of the evidence.

The judgment should be affirmed.

HERLIHY, P. J., and GREENBLOTT, J. (concurring). Appellant's contention that the crimes of criminally negligent homicide and reckless driving are predicated on the same elements and therefore acquittal on the former mandates acquittal on the latter is without merit. Since criminal negligence, as defined in subdivision 4 of section 15.05 of the revised Penal Law, requires a failure " to perceive a substantial and unjustifiable risk ", there is a great difference between the elements of criminal negligence and reckless driving as contained in section 1190 of the Vehicle and Traffic Law. In the latter statute reckless driving has been construed to mean the operation of an automobile under such circumstances as to show a reckless disregard of the consequences (see *People* v. *Grogan,* 260 N. Y. 138).

We have recognized that section 125.10 of the revised Penal Law covering " Criminally negligent homicide " and subdivision 4 of section 15.05 have set up a new standard of care. In *People* v. *Taylor* (31 A D 2d 852, 853-854) we stated: " To convict of manslaughter, second degree, under the circumstances, it would be necessary to hold that the act of passing a red blinking traffic light without stopping was a conscious disregard of a risk. The jury did not so find. If we were to affirm the conviction of criminally negligent homicide, it would be necessary to hold that the act of passing a red blinking light without stopping was a failure to perceive the risk. To the contrary, we are determining that the failure to stop for such a flashing traffic light, per se, is not sufficient to convict of either of the charges."

Nor is there merit in appellant's contention that the " reckless driving " guilty verdict was against the weight of the evidence. The proof indicated that appellant was proceeding at an excessive and illegal rate, although, of course, speed in excess of

that allowed by statute is not alone sufficient to constitute the crime of reckless driving (*People* v. *Grogan,* 260 N. Y. 138, *supra*). However, that speed, combined with the overtaking and passing of the standing vehicle by going into the left lane when, admittedly, the view ahead was not clear and said lane was not free of oncoming traffic (see Vehicle and Traffic Law, §§ 1120, 1124), formed an adequate basis for the jury's verdict.

The resolution of this appeal does not require the rationalization of section 15.05 of the revised Penal Law, which the majority seeks to make.

With reference to the count of the indictment charging criminally negligent homicide, the court charged the provisions of section 125.10 and then defined criminal negligence as set forth in subdivision 4 of section 15.05.

As to the count of the indictment charging reckless driving in violation of section 1190 of the Vehicle and Traffic Law, the court charged in accordance with the provisions as set forth therein. There were no objections or exceptions taken by the People nor was the exception by the attorney for the defendant relevant to the present issue.

The court did not charge, nor was there any reason for it to charge, " reckless " under section 15.05 of the revised Penal Law and on this appeal that issue is not raised and is, therefore, not properly before this court.

REYNOLDS and SWEENEY, JJ., concur with COOKE, J.; HERLIHY, P. J., and GREENBLOTT, J., concur in a separate opinion.

Judgment affirmed.