Archibald C. Wemple, J.
The motion to dismiss is predicated on the defendant’s contention that the evidence adduced before the Grand Jury was not legally sufficient to sustain the charge of murder. The defendant’s attorney argues that if, arguendo, the defendant made a sale of heroin to the 17-year-old Deborah Da Lonzo as charged in said first count, he could not possibly have'been aware of a “ risk of death ” to her flowing from such a transaction, nor could he conceivably have been conscious of any potentially fatal consequence from said act and that furthermore, the murder statute contained in subdivision 2 of section 125.25 of the Penal Law would not, in any event, be applicable to such an act. The defense attorney cites the case of the People v. Pinckney (65 Misce 2d 265 [1971]) in which the Rockland County Court dismissed a manslaughter, second degree, charge under somewhat similar circumstances. Said dismissal has recently been affirmed by the Appellate Division of the Second Department (38 A D 2d 217). This court has carefully read said trial court decision and noted the similarities as well as the contrasts with the case at bar. This court finds that the contrasts outweigh the similarities. The particular circumstances herein are different from and must be distinguished from those in the Pinckney ease. Although death from heroin occurred in both instances, the facts in the Pinckney case indicate a transfer of quantity of heroin from one adult friend to another adult friend in a social setting, while in the instant case the circumstances appear to be different. The indictment charges the defendant, Johnson, with not one, but two separate and distinct sales of heroin to persons under the age of 21 years on the same date. The Pinckney case relates to a charge of manslaughter, second degree and criminally negligent homicide, whereas the case at bar charges murder as well as the specific sales of a narcotic drug to the deceased, age 17, and to one Susan Kowalczyk, age 16, allegedly occurring *939 on October 8,1971. As to the defendant’s claim of lack of awareness, it is common knowledge, publicly gleaned in many daily news media reports, that frequent deaths occur to young persons from the injection of heroin in local communities but even more frequently in the larger cities. It is incredible that the defendant was totally ignorant of the dangers and risks inherent in the use or abuse of the heroin by persons under 21 years of age. In a case involving criminal negligence, People v. Eckert (2 N Y 2d 126, 130-131) the Court of Appeals states: “As the terms signify, this conduct arises when the actor has knowledge of the highly dangerous nature of his actions or knowledge of such facts as under the circumstances would disclose to a reasonable man the dangerous character of his action, and despite this knowledge he so acts. That he does not view his conduct as dangerous is of no consequence; his lack of realization of the danger involved may arise from his abnormally reckless temperament or from unexpectedly favorable results of previous conduct of the same sort (see Womack v. Preach, 63 Ariz. 390; Cope v. Davison, 30 Cal. 2d 193; 2 Restatement, Torts, § 500). To be dangerous his conduct must involve a reasonable probability of serious bodily harm or death. This, of course, turns upon the particular circumstances of the case.” Also, see People v. Taylor (31 A D 2d 852) which restates the ruling in People v. Eckert (supra).
The defendant’s attorney also argues that the homicide statutes do not or were not intended to include acts such as the heroin transaction alleged herein. This court quotes section 125.25 of the Penal Law as follows: “ A person is guilty of murder when: * # # 2. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person ’ ’. Furthermore, section 125.00 of the Penal Law defines homicide as ‘ ‘ Conduct which causes the death of a person ”. The indictment herein, to which this defendant has pleaded not guilty, raises questions of fact as to (1) whether or not this defendant made the alleged sale of heroin to the deceased; (2) whether the deceased injected herself with said drug; (3) whether the drug, dose or overdose, was the cause of death; (4) what was the chemical analysis of the injected drug; (5) whether the circumstances and the conduct of the defendant in the alleged transaction in fact evinced a depraved indifference to human life and, finally, (6) whether there was evidence of reckless conduct or course of action which created •a “grave risk of death to another person and which caused *940 such death of such person.” These and other issues of fact should he presented to a jury for determination upon trial.
The wording of subdivision 2 of section 125.25 of the Penal Law is general and broad in terms and definition of conduct constituting murder, and neither specifically includes nor excludes the act charged to the defendant herein. The courts of this State have uniformly held that a person is presumed to intend the natural and probable consequences of his act. To put it precisely, if proven, what were the ‘1 natural and probable consequences ” of a sale of heroin to a minor 17 years of age? And, if proven, was the conduct so reckless as to create a grave risk of death and cause the death of that person? Under the above-quoted subdivision 2 of section 125.25 of the Penal Law, it is not essential that there be any intent to kill. In People v. Munoz (9 N Y 2d 51, 58), the Court of Appeals ruled “ Crimes may be created without intent as a factor other than an intent to commit the prohibited act (People v. Persce, 204 N. Y. 397, 401-402), but there must be some reasonable relationship between the public safety, health, morals or welfare and the act prohibited (People v. Bunis, 9 N Y 2d 1) * # * It is for the courts to determine, not how the police power should be exercised, but whether there is reasonable relation between the statute or ordinance and the object sought to be attained (People v. Bunis, supra; Good Humor Corp. v. City of New York, [290 N. Y. 312,] 320-321).” In the Practice Commentary by Richard G. Denzer and Peter McQuillan found in McKinney’s Consolidated Laws of New York following section 125.25 of the Penal Law at page 235, the following statements are quoted:£ £ Subdivision 2 defines the highest crime of reckless homicide, which is very similar to a former Penal Law offense classified as first degree murder (§ 1044 [2]). Each version embraces extremely dangerous and fatal conduct performed without specific homicidal intent but with a depraved kind of wantonness: for example, shooting into a crowd, placing a time bomb in a public place, or opening the door of the lions’ cage in the zoo (see People v. Jernatowski, 1924, 238 N. Y. 188, 144 N. E. 497; Darry v. People [10 N. Y. 120].) ” And, on pa^e 236 of the Commentary, with reference to subdivision 2 of section 125.25 of the Penal Law: £ 1 The revised provision, on the other hand, is phrased in terms of1 conduct which creates a grave risk of death to another person ’ (§ 125.25 [2].) This clearly covers wantonly reckless behavior addressed to a single individual, as well as to many; as, for example, aiming a pistol shot a foot over a person’s head and *941 firing in order to freighten him, but killing him through poor marksmanship. ’ ’
Unfortunately, the opinions written in connection with the affirmance by the Second Department of the Appellate Division in People v. Pinckney (38 A D 2d 217) are not available at this time. Obviously these decisions are related to and limited to the facts and circumstances of that case. This court must address itself and make a ruling applicable to the law and the facts of this case. This court has given serious and conscientious attention to the issues involved herein. This court has read the Grand Jury minutes and concludes that sufficient evidence was presented to sustain the indictment count of murder. Therefore, the motion to dismiss count one charging murder should be denied and the issues of fact presented to a jury for determination upon trial.