Raymond E. Aldrich, Jr., J.
This is a motion brought by the defendant Mark Robinson for an order granting the court leave to inspect the minutes of the Grand Jury upon which the indictment herein was based, and upon such inspection for a further order dismissing the indictment upon the grounds of legal insuficiency of the Grand Jury evidence, and the same is treated as a motion made under GPL 210.30.
After consideration of the moving papers and the affidavit in opposition, and in the exercise of its discretion, this court granted the motion to inspect the Grand Jury minutes in order to use the same in the further determination of the motion to dismiss based upon the ground that the evidence before the Grand Jury was not legally sufficient to establish the commission by the defendant of the offenses charged or any lesser included offense.
Accordingly, the court has examined the minutes of the Grand Jury dated May 3, 1973 and May 8, 1973, and therefrom does find that the first count of the indictment charging the crime of assault in the first degree, a Class O felony, in violation of subdivision 1 of section 120.10 of the Penal Law, the third count charging the crime of assault in the second degree, a Class D felony, the fourth count charging the crime of possession of weapons, a Class A misdemeanor, and the fifth count charging the crime of prohibited use of weapons, a Class A misdemeanor, are predicated upon evidence which is legally sufficient to support such charges and establish that the defendant committed such offenses.
However, the court does find that the second count of the indictment charging the crime of assault in the first degree, a *714 Class C felony, in violation of subdivision 3 of section 120.10 of the Penal Law, is not predicated upon evidence legally sufficient to sustain the same, and therefore the second count must be dismissed for the reason hereinafter set forth:
Subdivision 3 of section 120.10 of the Penal Law is designed to impose criminality in those cases where the crime of assault in the first degree is based upon reckless conduct under circumstances evincing a depraved indifference to human life in a generar and indiscriminate way thus putting'many persons in jeopardy, and not where the conduct is directed toward any specific and particular individual.
The evidence presented before the Grand Jury reveals that there were only two individuals present on March 8,1973 in the office of the gas station at the time of the alleged assault, namely, the defendant, who was the actor, and Jerome Dvorak, who was the victim, and it can only be inferred from such proof that the defendant’s intent and conduct in firing the rifle was directed against that particular person.
Accordingly, under the facts of this case, subdivision 3 of section 120.10 of the Penal Law is not applicable (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 120.10, Practice Commentary, pp. 213, 214, 219; Darry v. People, 10 N. Y, 120; People v. Jernatowski, 238 N. Y. 188; People v.. Ludkowitz, 266 N. Y. 233; Matter of David A. L., 64 Misc 2d 360).
For the foregoing reasons, the motion to dismiss is denied as to the first, third, fourth and fifth counts, and is granted as to the second count which is hereby dismissed.
The court grants leave to the District Attorney, if he has evidence to establish the commission by the defendant of the crime charged in the second count, to resubmit the charge to the same or another Grand Jury for indictment (CPL 210.20).