Arnold P. Etelson, J.
Defendant is charged with reckless endangerment in the second degree in violation of section 120.20 of the Penal Law. The complainant testified that he was walking across North Main Street in Spring Valley, New York, and that the defendant drove a vehicle in his direction and at an excessive rate of speed and veered off the main part of the road in an alleged pursuit in the direction that the complainant was walking. The complainant also alleged that the defendant’s speed increased 15 to 20 miles per hour subsequent to his being in a position where he could be observed by the defendant driver. A police officer standing in the exact vicinity testified to his own observations which were substantially that of the complainant. A further police officer testified to the apprehension of the defendant and his testimony was introduced solely for the purpose of identification.
The defendant at the conclusion of the People’s case moved to dismiss the information, alleging that the People did not prove a prima facie case. Decision was reserved on that motion. *868 The defendant did not testify nor did he produce any witnesses or evidence. The motion was renewed as to the entire case and with regard to failure of proof beyond a reasonable doubt which decision was also reserved.
The court is satisfied that the facts establish a prima facie case of reckless endangerment in the second degree and, there being no other explanation for the acts of the defendant, as for instance a loss of control of the vehicle, an equipment failure or an interference by another motor vehicle, person, animal or object, it is the opinion of the court that the People have proved their case beyond a reasonable doubt.
Although the parties have cited no eases to the court, the court has reviewed the decision of People v. David A. L. (Anonymous) (64 Misc 2d 360). That case cites the same Judge’s unreported case of People v. Bond, which upon further research itself states that reckless endangerment in the second degree involves criminal activity that may be directed at one or more individuals. The David case continues the doctrines of Darry v. People (10 N. Y. 120); People v. Jernakowski (238 N. Y. 188) and People v. Ludkowits (266 N. Y. 233) involving murder prosecutions concerned with reckless rather than intentional behavior. These cases apparently limited such prosecutions to situations where there was no specified or individual person against whom the activity was directed. Under the present Penal Law, reckless endangerment in the first degree (§ 120.25), a lesser, if not lesser-included offense, (see McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, Practice Commentary, at p. 214, and People v. Williams, 40 A D 2d 1023 [34]) and the second subdivision of murder (§ 125.25) read identically, except that, of course, death occurs in the latter case.
The Practice Commentary in McKinney’s following the murder statute in volume 39 at page 236 states: *869 the same volume following reckless endangerment in the first degree. The illustration there mentions a wantonly reckless shooting into a crowd without any specific intent to kill or injure. Depending upon whether the result is death, serious physical injury or no injury, the applicable crime is stated to be murder, assault in the first degree or reckless endangerment in the first degree. If the two commentaries are considered together, the illustration last mentioned might also encompass a firing at a single individual. As this decision was being typed, the court became aware of the case of People v. Graham (41 A D 2d 226) just reported in McKinney’s 1973-1974 supplement. The Second Department in Graham unanimously clearly states that in the reckless endangerment felony charge (first degree), the target may be a single individual. It must follow with respect to reckless endangerment in the second degree, a misdemeanor.
*868 “ Although not entirely clear upon the subject, the decisions seem to have construed this provision as applying only where the depraved conduct endangers the lives of a considerable number of persons and not where but a single life is imperiled # * * The revised provision, on the other hand, is phrased in terms of ‘ conduct which creates a grave risk of death to another person ’ (§ 125.25[2]). This clearly covers wantonly reckless behavior addressed to a single individual, as well as to many; as, for example, aiming a pistol shot a foot over a person’s head and firing in order to frighten him, but killing blm through poor marksmanship.” Judge Cornsr in David (supra, p. 362) cites the Practice Commentary at page 219 of
*869 Since the legislative intent appears not to limit reckless endangerment in the second degree to a group of persons as a target, this would not be a ground for dismissal of the information. Accordingly, the defendant is found guilty and is directed to appear for sentencing on Thursday, November 8, 1973 at 3:00 p.m. Because of the defendant’s age, the court will entertain defendant’s application to be treated as a youthful offender if so advised by his attorney.