Reginald S. Oliver, J.
About 10:30 o’clock in the evening of December 14, 1975, Trooper DePrez was nearing the end of his tour of duty. He observed and heard two motorcycles start up on Route 104, heading west in the Town of Williamson. One of the cycles seemed to be unduly noisy, and Trooper DePrez decided to have a look. Upon proper signal, one of the cyclists pulled over, but the other gathered speed and ignored the flashing lights and the two blasts of the troop car’s siren.
The cycle, with a passenger on the rear seat thereof, and as it developed with a broken headlight lens which effectively negated much illumination, turned north on Fisher Road, and proceeded at speeds up to 60 miles per hour, and then turned east on Kenyon Road. By this time, Trooper DePrez had all the flashing lights going, and the siren running full blast on automatic. He became convinced that the vehicle he was pursuing was not about to stop, so he radioed for assistance.
Trooper Button, also about to go off duty, heard the call for aid, acknowledged it, and proceeded to the T-intersection of Kenyon Road and Salmon Creek Road, where he stationed his troop car, leaving 6 to 8 feet of paved road between the rear of his car and the south edge of the highway. Soon. Trooper Button heard and observed the chase nearing him.
He stationed himself to the rear of his car, which also had its front and rear lights on and the flashers operating and waved his arms. The cycle and troop car approaching the block, visible to Trooper DePrez, began to slow down about 150 yards from the intersection, and for a moment it appeared that the race was over. The cycle was weaving back and forth as it approached the road block, and suddenly about 10 yards from Trooper Button, the cycle headed directly at him and accelerated. He jumped onto the trunk of his auto just in time *64 to avoid being run over, his foot ticking the cycle or one of its occupants as it passed him.
The operator of the cycle was the 15-year-old respondent, who was identified by both troopers, and who testified on his own behalf and gave his version of the incidents of the evening. He stated he did not stop originally because he "did not want to get caught”. All other facts testified to by the troopers were confirmed, except he denied he intentionally tried to run Trooper Button down. His version was that without a clutch on his cycle, he had to accelerate to shift, he missed the gear, and by the time he saw Trooper Button standing in the road, it was "too late” to try to avoid him, he "panicked” and "froze”. He continued to try to escape, but was apprehended about one-quarter mile from the scene. He was charged with reckless endangerment in the second degree, a class A misdemeanor, but because of his age, stands charged with being a juvenile delinquent. Section 120.20 of the Penal Law provides: "A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person”.
Culpability is defined as follows:
"1. 'Act’ means a bodily movement.
"2. 'Voluntary act’ means a bodily movement performed consciously as a result of effort or determination, and includes the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it.
"3. 'Omission’ means a failure to perform an act as to which a duty of performance is imposed by law.
"4. 'Conduct’ means an act or omission and its accompanying mental state.
"5. 'To act’ means either to perform an act or to omit to perform an act.
"6. 'Culpable mental state’ means 'intentionally’ or 'knowingly’ or 'recklessly’ or with 'criminal negligence,’ as these terms are defined in section 15.05.” (Penal Law, § 15.00.)
Recklessly is defined as follows: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The *65 risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto.” (Penal Law, § 15.05, subd 3.)
The respondent must be proven guilty of the charges beyond a reasonable doubt. (Matter of Winship, 397 US 358.)
Because of his age, the respondent should be held to realize that the operation of his motorcycle at a high rate of speed, at night without adequate lights, and in complete defiance of the efforts of two State troopers to examine his vehicle created a substantial risk of injury to another person. In looking down at his engine when approaching the Button patrol car at the rate of about 45 feet per second the respondent placed not only the trooper, but himself and his passenger in such a situation.
The respondent intentionally and knowingly operated his motorcycle under the described facts in an effort to get away from a police officer who was trying to do his duty. There was no legal justification for the respondent’s efforts to evade apprehension. His acts constituted, in the words of the statute (Penal Law, § 15.05, subd 3), a "gross deviation from the standard of conduct a reasonable person would observe in the situation”. The respondent was aware of his acts, and consciously disregarded the substantial and unjustifiable risk of harm, not only to himself, but more importantly to his passenger and to Trooper Button. The court finds that the respondent should have seen Button standing by the rear of his car, not from the respondent’s lights but from the lights of De-Prez’s automobile.
Assuming the respondent did not steer his vehicle at Trooper Button, nevertheless all his intended acts, from the time Trooper DePrez first attempted to stop him, constituted a series of events any one of which constituted a gross deviation from the standard of conduct this respondent must be held to obey, and which created a substantial risk of serious physical injury to another person, whether it be the trooper or the passenger. (People v Smith, 76 Misc 2d 867; People v Graham, 41 AD2d 226.)
The court finds the allegations of the petition have been proven beyond a reasonable doubt.
A probation report shall be submitted, and the matter *66 adjourned to March 8, 1976 at 11:00 a.m. for a dispositional hearing.