STATE OF HAWAII, Plaintiff-Appellee *v.* JOSEPH H. REYES, Defendant-Appellant

NO. 5801

FEBRUARY 16, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This appeal is from a conviction, in a bench trial, of the offense of inattention to driving as defined in HRS § 291-12.[1] The undisputed evidence showed that Appellant, intending to make a left turn from a two-lane highway into a gravel road, moved the vehicle he was driving from the right to the left lane, where it was struck from behind by a vehicle which was overtaking a line of three cars, of which Appellant's was the lead car. The district judge, in an oral decision, found that Appellant had violated HRS § 291C-84, by not making a left turn signal at least 100 feet before the intended turn, and HRS § 291C-49, by moving from one lane of traffic to another without first ascertaining that such movement could be made in safety, and that upon all the testimony Appellant had failed to exercise due care in the operation of his vehicle. Appellant contends that there was error in the denial of his motion to acquit at the conclusion of the prosecution's case and that there was insufficient evidence to convict, in that the violation of HRS § 291C-84 and 49 did not constitute evidence of negligent operation of Appellant's vehicle. We affirm.

---

[1] § 291-12 Inattention to driving. Whoever operates any vehicle without due care or in a manner as to cause a collision with any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than six months, or both.

Appellant concedes that the testimony of the driver of the overtaking vehicle, taken alone, was sufficient to meet the test of the sufficiency of the evidence to support a prima facie case which we announced in *State v. Cannon*, 56 Haw. 161, 532 P.2d 391 (1975). He argues that the testimony of the driver of the vehicle immediately behind Appellant's, also introduced in the prosecution's case, was equally credible and precluded a finding of guilt beyond a reasonable doubt. But this argument ignores the right of the fact finder to determine credibility and to weigh the evidence. Since there was evidence sufficient, if one driver was believed and the other disbelieved, to support a prima facie case, the motion to acquit was properly denied.

We are not faced with the question whether the violation of HRS § 291C-84 and 49, without more, might support a finding of the operation of a vehicle without due care in violation of HRS § 291-12. Here the finding was drawn from all of the circumstances. A violation of a rule of the road is not to be considered in isolation, in determining whether the offense defined in HRS § 291-12 has been committed. Thus, in *State v. Pruett*, 91 Idaho 537, 428 P. 2d 43 (1967), while acknowledging that one might be guilty of speeding and yet not of reckless driving, the court found that evidence of unlawful speed together with the facts that the highway was a two-lane road in poor repair through unfenced open range and with access roads, and that the car was being driven after dark, was sufficient to support a jury verdict of reckless driving. Similarly, in *People v. Lamphear*, 35 A.D.2d 305, 316 N.Y.S. 2d 113 (1970), evidence of unlawful speed combined with unlawful passing of a standing vehicle by going into the left lane, when the view ahead was not clear and the lane was not free of oncoming traffic, was held to be sufficient to support a conviction of reckless driving.

As in *State v. Tamanaha*, 46 Haw. 245, 377 P.2d 688 (1962), we are here dealing with a statute which requires only a showing of negligence in the operation of his vehicle by Appellant, being the failure to exercise that care which a reasonably prudent person would have exercised under the

given circumstances. Also as in *Tamanaha*, the evidence must be considered in its strongest light for the State in passing on its sufficiency to support a conviction. Evidence of Appellant's failure to observe statutory requirements in signaling his intention to turn and in changing lanes, under the circumstances existing at the time, was sufficient to support a finding of negligence in the operation of Appellant's vehicle.

The judgment is affirmed.

*Charles F. Fell (Mirikitani, Thurston & Tongg* of counsel) for Defendant-Appellant.

*Douglas L. Halsted,* Deputy Prosecuting Atttorney, County of Hawaii, for Plaintiff-Appellee.