OPINION OF THE COURT
Louis B. York, J.
procedural background
The defendant was arraigned on July 18, 1987, on a non-hearsay felony complaint (docket No. 7X035705) charging assault in the third degree (Penal Law § 120.00 [1]); reckless endangerment in the first degree (Penal Law § 120.25); reckless endangerment in the second degree (Penal Law § 120.20); and on a nonhearsay misdemeanor complaint (docket No. 7X035706) charging him with leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600).
On October 1, 1987, the charges of assault in the third degree and reckless endangerment in the first degree were *25 dismissed upon motion by the People. The charge of leaving the scene of an incident was dismissed on motion of the defendant on January 22, 1988. The only remaining charge is reckless endangerment in the second degree (Penal Law § 120.20) (docket No. 7X035705).
Counsel previously moved to dismiss the accusatory instrument as defective (CPL 170.35) but this motion was denied, inter alia, because defendant did not give the People adequate notice of his motion. (See, decision and order dated Jan. 22, 1988.)
The defendant again moves for dismissal of reckless endangerment, second degree (docket No. 7X035705), for failure of the accusatory instrument as a matter of law to comply with CPL 100.31 (1) (d); 100.15 (3); 100.35, 100.40, 170.30, 170.35 and 170.45. The court will treat defendant’s motion as a motion to reargue.
The motion is based upon the alleged failure of the People to state facts of an evidentiary nature in the accusatory instrument to establish all the elements of reckless endangerment in the second degree. (CPL 100.15 [3].) This motion is not untimely because it is premised on the court’s lack of jurisdiction (People v Hall, 48 NY2d 927 [1979]) and this nonwaivable jurisdictional prerequisite may be challenged at any time, even after a conviction. (Cf., People v Case, 42 NY2d 98 [1977].)
SUFFICIENCY OF THE COMPLAINT
The complaint, in pertinent part, states: “Deponent further states that at the aforementioned date, time and location the defendant did recklessly engage in conduct which created a substantial risk of serious physical injury to the deponent, in that the defendant did drive a New York City Bus, towards the deponent causing deponent to run backwards for about 15 feet which created a substantial risk of serious physical injury to the deponent.” (Emphasis added.)
Reckless endangerment in the second degree is defined in Penal Law § 120.20, which states that, "A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.”
Penal Law § 15.05 defines recklessly as follows: “3. 'Recklessly.’ A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and *26 unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereof.”
Conduct is defined in Penal Law § 15.00 (4) as follows: " 'Conduct’ means an act or omission and its accompanying mental state.”
Serious physical injury is defined in Penal Law § 10.00 (10) as follows: " '[s]erious physical injury’ means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss of impairment of the function of any bodily organ.”
In the present case the complaint alleges that defendant "did recklessly engage in conduct which created a substantial risk of serious physical injury to the deponent, in that the defendant did drive a New York City Bus towards the deponent causing deponent to run backwards for about 15 feet which created a substantial risk of serious physical injury to the deponent.” (Emphasis added.) This charge parrots the statute without giving any evidentiary facts necessary which support or tend to support all elements of the offense charged. (People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986]; People v Hall, 48 NY2d 927 [1979].) It is noteworthy that no factual allegation is made in the complaint regarding the speed of defendant’s vehicle or the way in which the vehicle was driven, or that intrinsically the "movement” of the vehicle in and of itself created a "substantial risk” (Penal Law § 120.20) or that defendant by his conduct (Penal Law § 15.00 [4]) "disregarded] a substantial and unjustifiable risk”. (Penal Law § 15.05 [3].)
There is no allegation that defendant’s vehicle was anywhere but on a city street, there is no allegation as to the proximity of defendant’s bus from the complainant or the distance the bus was from the complainant at the time the complainant allegedly ran back, there is no inference that can be drawn from the factual allegations that defendant consciously acted in any way to create a substantial risk of serious physical injury. (Penal Law § 120.20.) The alleged "movement” of defendant’s vehicle "towards the deponent *27 causing deponent to run backwards” is just as susceptible to noncriminal activity as it may be to criminal activity and as such is simply insufficient as a matter of law to allege reckless endangerment in the second degree. (See, CPL 100.15 [3].)
In the present case, the reckless endangerment statute may apply to instances where a vehicle is driven, but this court must look to a closely related statute, reckless driving (Vehicle and Traffic Law § 1190), which the Legislature apparently tailored for reckless endangerment involving a driven motor vehicle. Reckless driving is defined in Vehicle and Traffic Law §1190: "Reckless driving shall mean driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited. Every person violating this provision shall be guilty of a misdemeanor.” (Emphasis added.)
This court is capable of envisioning many situations where a driven or undriven automobile may be used in a manner that can create a substantial risk of injury but in a situation where the People charge reckless endangerment by the way in which a vehicle is driven, "in that the defendant did drive a New York City Bus towards the deponent”, the court will look to the case law interpreting both "reckless endangerment” and "reckless driving” for guidance to determine whether or not the accusatory instrument is sufficient. (Cf., Penal Law § 120.20, and Vehicle and Traffic Law § 1190.) Both reckless endangerment in the second degree and reckless driving are misdemeanors, the former a class "A” misdemeanor and the latter an unclassified misdemeanor. (Cf., Penal Law § 120.20, and Vehicle and Traffic Law § 1190.)
RECKLESS ENDANGERMENT IN THE SECOND DEGREE
Both the Penal Law and the Vehicle and Traffic Law do not specify what particular acts are reckless but this question must be answered based upon the manner and circumstances of a vehicle’s operation. (Matter of Martinis v Supreme Ct., 20 AD2d 79 [1st Dept 1963], revd on other grounds 15 NY2d 240 [1965].)
The court in Matter of Mario Y. (75 AD2d 954 [3d Dept 1980]) held that shots fired into an empty house constituted a gross disregard of risk and a deviation of standard of conduct *28 so as to constitute "reckless endangerment”. Pushing a victim onto subway tracks when defendant was a frequent subway rider and aware of the consequences of his acts (Matter of Louis A., 54 AD2d 712 [2d Dept 1976]), and veering off a road with an automobile intentionally trying to hit a pedestrian (People v Smith, 76 Misc 2d 867 [1973]) are all clear examples of reckless endangerment in the second degree.
In the present matter, there is no indication that a "movement” toward complainant deviated from a standard of conduct constituting a disregard of a substantial risk of injury (Matter of Mario Y., supra) or the activity of "movement” was anything akin to the intrinsically dangerous activity of pushing someone onto subway tracks (Matter of Louis A., supra) or that the bus driven by defendant "veered” toward complainant outside of the roadway normally driven by defendant (People v Smith, supra).
RECKLESS DRIVING
In reviewing the case law involving reckless driving (Vehicle and Traffic Law § 1190), I am cognizant that the manner and circumstances of driving must be of such a nature that a finding of recklessness must be the result of a conscious disregard of the conditions created. (People v Lamphear, 35 AD2d 305 [3d Dept 1970].)
The court in People v Lamphear (supra), in distinguishing between "reckless driving” and "negligence”, determined that, "we recognize * * * the distinction between a conscious disregard of a risk and a failure to perceive a risk.” (People v Lamphear, supra, at 307.)
The Lamphear court went on to discuss the factual background which met the burden of showing reckless driving and affirmed a lower court judgment which sustained defendant’s conviction for reckless driving by holding that, "There was considerable evidence indicating that defendant was proceeding at an excessive and illegal rate, although, of course, mere speed in excess of that allowed by statute is not alone sufficient to constitute the crime of reckless driving (People v. Grogan, 260 N. Y. 138, 144). However, that speed, combined with the overtaking and passing of the standing vehicle by going into the left lane when, admittedly, the view ahead was not clear and said lane was not free of oncoming traffic (see Vehicle and Traffic Law, §§ 1120, 1124), formed an adequate *29 basis for the jury’s determination that defendant unreasonably interfered with the free and proper use of the public highway and unreasonably endangered the users thereof. The reckless driving guilty verdict was not against the weight of the evidence.” (People v Lamphear, supra, at 308.)
In the case presently before the court a "movement” alone, not even the equivalent of an "excessive and illegal rate [of speed]” that was not in and of itself enough to constitute the crime of reckless driving in the Lamphear court (see, People v Lamphear, supra, at 308, citing People v Grogan, 260 NY 138, 144), is simply not enough here to allege recklessness. (Penal Law § 15.05.) There are no allegations of the "manner and circumstances” of defendant’s driving (Matter of Martinis v Supreme Ct., supra) that would lead to the conclusion that defendant engaged in reckless conduct. (Penal Law § 120.20.) There is a clear distinction "between a conscious disregard of a risk” (People v Lamphear, supra, at 307), which this court cannot infer from the factual allegations in the complaint, and negligence, an issue which need not be addressed here.
The complaint must contain all the facts necessary to prove each and every element of reckless endangerment in the second degree under Penal Law § 120.20 as is required under CPL 100.40 (1) (a), (b), (c). A facially sufficient complaint must contain enough factual allegations to establish a prima facie case. (People v Harvin, 126 Misc 2d 775, 777 [Crim Ct, Bronx County 1984]; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 100.40, at 67.)
In the present case, the mere factual allegation that defendant’s vehicle moved "towards the deponent causing deponent to run backwards” does not show a conscious disregard of a substantial risk (People v Lamphear, supra).
CONCLUSION
There are no alleged acts either standing alone or in view of the factually alleged circumstances that meet the requirements of alleging reckless endangerment under Penal Law § 120.20 and defendant’s motion to dismiss on grounds of insufficiency is therefore granted. In view of this dismissal, the issue of preclusion raised in defendant’s motion need not be considered.