People v Rodriguez (2024 NY Slip Op 50091(U))

[*1]

People v Rodriguez

2024 NY Slip Op 50091(U)

Decided on January 29, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 29, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Jon Rodriguez, Defendant.

Docket No. CR-018441-23BX

For the People: Darcel D. Clark, District Attorney, Bronx County (by: ADA Lawrence Rozenblum)
For the Defendant: Legal Aid Society (by: Casey Trimble, Esq.)

Yadhira González-Taylor, J.

Defendant Jon Rodriguez moves for dismissal of the accusatory instrument for facial insufficiency pursuant to Criminal Procedure Law ("CPL") §§ 100.40 and 170.30; and for such other relief as this Court may deem just and proper.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court:
DENIES defendant's motion for dismissal for facial insufficiency.
PROCEDURAL BACKGROUND
On August 8, 2023, defendant Jon Rodriguez was arrested and charged with one count in violation of Penal Law ("PL") § 120.20 (reckless endangerment in the second degree), a misdemeanor offense. Mr. Rodriguez was issued a Desk Appearance Ticket ("DAT") and directed to return to court.
Specifically, the criminal complaint provides, in pertinent part, that at approximately 8:15 p.m. at the Northeast corner of Townsend Avenue and East 170th Street, County of the Bronx, State of New York, the deponent, Police Officer Jonathan Benitez ("PO Benitez"), observed:
Defendant operating a Blue 2023 gas powered scooter, engine running, traveling at the above location, a public sidewalk. Deponent further states that deponent observed pedestrians moving out of the way, to avoid being struck by defendant's vehicle, which defendant continued to drive on a public sidewalk, swerving through the large crowd.
Defendant was arraigned on August 28, 2023, and released on his own recognizance. On November 15, 2023, the People filed their Certificate of Compliance ("CoC") and Statement of Readiness ("SoR"). Defendant filed the instant omnibus motion on December 13, 2023. The People opposed the motion in its entirety on December 27, 2023.
DISCUSSION
[*2]I. Applicable Standard for Facial Sufficiency Challenge
To meet the jurisdictional standard for facial sufficiency, a misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense" (see People v Smalls, 26 NY3d 1064, 1066 [2015]; see also CPL § 100.40 [1] [b]; § 70.10). The accusatory instrument must set forth non-hearsay facts of an evidentiary nature which, if true, establish every element of the offense charged (see People v Suber, 19 NY3d 247 [2012]; People v Dumas, 68 NY2d 729 [1986]). It is well-settled that "mere conclusory allegations are insufficient [ ] and a purported information which fails to meet these requirements is fatally defective" (see People v Pamulo, 48 Misc 3d 1227[A], 2015 NY Slip Op 51286[U], **2 (Crim Ct, New York County 2015] [citations omitted] citing People v Alejandro, 70 NY2d 133, 136 [1987]). Additionally, the allegations must give the defendant enough notice to prepare a defense and prevent the defendant from being tried twice for the same offense. People v Casey, 95 NY2d 354, 360 (2000).
II. The Parties' Arguments
Initially, defense counsel asserts that the information fails to allege sufficient facts to determine the degree of risk caused by defendant's conduct (affirmation of defendant's counsel at 5). Specifically, defendant avers that the complaint does not state that defendant came within close proximity of pedestrians, nor does it state the speed at which defendant was traveling (affirmation of defendant's counsel at 5). Counsel maintains that the mere allegation that pedestrians moved aside when defendant traversed the sidewalk cannot establish that his conduct posed a substantial risk of serious injury (affirmation of defendant's counsel at 5).
Counsel further posits that if a defendant were traveling "at 1 mile per hour, barely fast enough to keep the scooter upright and slower than the average walking speed of a pedestrian" this would not constitute a substantial risk of any type of injury and, thus, an accusatory instrument that fails to allege the speed of the vehicle in question is presumptively facially insufficient (affirmation of defendant's counsel at 6). Lastly, the defense argues that by "repositioning," the pedestrians moved out of harm's way and thereby removed whatever risk was created by defendant's conduct (affirmation of defendant's counsel at 8).
The People maintain that their prima facie requirement for purposes of the misdemeanor information should not be confused with the burden of proof beyond a reasonable doubt, which is required at trial (People's affirmation at 4). Further, the prosecution argues that allegations concerning the defendant's operation of a gas-powered scooter on the sidewalk establish that defendant engaged in conduct which created a foreseeable risk of serious physical injury to others (People's affirmation at 5). Lastly, the People aver that the scooter's speed and proximity to pedestrians can be inferred by the factual allegation that defendant was swerving his scooter through a large crowd of pedestrians who had to move out of his way to avoid being struck (Id.). 
III. The Court's Analysis
It is settled that although the allegations in a criminal complaint must give rise to a prima facie case, courts have declined to give an accusatory instrument an overly technical reading (see People v Konieczny, 2 NY3d 569, 575 [2004]).
Reckless Endangerment Second Degree
Penal Law § 120.20 provides that "[a] person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person" (see PL § 120.20). A person acts "recklessly" where "such person is aware of and consciously disregards a substantial and unjustifiable risk that the result [*3]will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereof" (see PL § 15.05 [emphasis added]).
Further, "serious physical injury" as defined in PL New York Criminal Jury Instructions ("CJI") "means impairment of a person's physical condition which creates a substantial risk of death, or which causes death, or serious and protracted disfigurement, or protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (see (CJI2d[NY] Reckless Endangerment, second degree, https://www.nycourts.gov/judges/cji/2-penallaw/120/120-20.pdf [last accessed January 25, 2024]).
Defense counsel relies upon the holding in People v Godfrey for the proposition that an accusatory instrument that does not allege either the speed or the proximity of the vehicle to the pedestrians cannot sustain the charged offense (see Godfrey, 140 Misc 2d 24, 26 [Crim Ct, Bronx County 1988]["There is no allegation that defendant's vehicle was anywhere but on a city street, (and) there is no allegation as to the proximity of defendant's bus from the complainant"]). However, in the case at bar, the complaint states that deponent PO Benitez observed defendant's gas-powered scooter being driven on the sidewalk, an area designated for pedestrian use, and that pedestrians had to move out of his way to avoid being struck. The Court finds that these allegations are sufficient to infer that defendant was not leisurely traveling down the sidewalk but, rather that defendant was operating the scooter in a manner that created a substantial risk of hitting someone.
Moreover, the allegation that defendant swerved his scooter through a large crowd as he continued to drive on the sidewalk further buttresses the charge of reckless endangerment because it suggests that the sidewalk was congested and that defendant would have foreseen that his conduct could have caused serious injuries to multiple persons who were in apprehension of being struck by the scooter and/or by other pedestrians as they moved out of defendant's way. Counsel's argument that any harm posed by defendant's operation of his scooter was averted because the pedestrians were able to "reposition" themselves is wholly unavailing where the Court of Appeals has made clear that "(t)he risk of injury" sustains the People's burden (see People v Davis, 72 NY2d 32, 36 [1988] [The statutes defining it (reckless endangerment) seek to prevent the risk created by the actor's conduct—not a particular outcome] [emphasis added]; see also People v Hayes, 61 Misc 3d 1203[A], *2 [Crim Ct, New York County 2018][Reckless endangerment in the second degree requires only a substantial risk of serious physical injuries]).Considered in the light most favorable to the People, the accusatory instrument establishes probable cause to believe that defendant's alleged conduct was reckless and that he created a substantial and foreseeable risk of serious injury based upon allegations that he operated his gas-powered scooter on a sidewalk to swerve through a large crowd of pedestrians who had to move out of his way to avoid being struck.
Accordingly, defendant's motion to dismiss the charge is DENIED.
CONCLUSION
Based upon the foregoing, defendant's motion for dismissal for facial insufficiency pursuant to CPL §§ 100.40 and 170.30 is DENIED.
This constitutes the opinion, decision, and order of the Court.
Dated: January 29, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.