tain such relief in an action brought to foreclose the mortgage (Dunning v. Leavitt, supra; Albany City Savings Bank v. Burdick, 87 N. Y. 40; Dey Ermand·v. Chamberlin, 88 N. Y. 658; Elliott v. Sackett, 108 U. S. 132, 2 Sup. Ct. 375, 27 L. Ed. 678), provided, of course, that the mortgagee has not acted upon the faith of the assumption to his detriment. In the present case the plaintiffs never acted in any way upon the faith of the appellants' assumption of the mortgage before beginning this action, and there is strong reason for believing that, at least down to a short time before this action was commenced, plaintiffs did not know that the deed to appellants contained any clause assuming the payment of the mortgage. The finding upon which the judgment for a deficiency against these appellants is based is not only without evidence to sustain it, but is directly contrary to all the evidence upon the subject.

The judgment, in so far as appealed from, must be reversed and a new trial granted, with costs to the appellants to abide the event. All concur, except HOUGHTON, J., who dissents.

---

BERKOWSKY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department.    July 8, 1908.)

1. WITNESSES—IMPEACHMENT—BY PARTY CALLING WITNESS.

Where a party is surprised in finding that his witness is in fact adverse, he may cross-examine such witness and put leading questions to him; but he may not impeach such witness by showing that he has previously made contradictory statements out of court, and therefore a party was not entitled to call attention to a memorandum made by witness, which contradicted his testimony, and to require witness to read such memorandum.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 1214–1219.]

2. SAME—EXAMINATION—REFRESHING MEMORY—READING MEMORANDUM.

Though the memory of a witness needs refreshing, it is not proper to read to the jury the contents of a memorandum made by him.

3. APPEAL AND ERROR—HARMLESS ERROR—EXAMINATION OF WITNESSES.

Plaintiff on being surprised by the testimony of his witness, was permitted to examine such witness as to a memorandum made by him which contradicted his testimony, and witness was required to read such memorandum to the jury. Defendant requested the court to charge that no verdict could be rendered against it on the testimony of such witness, which charge the court refused, saying that it was entirely a question for the jury. The only evidence elicited on the examination of the witness which would justify a verdict for plaintiff was the statement contained in the memorandum. Held, that such refusal in effect authorized a verdict on the memorandum, and the error was prejudicial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4229, 4230.]

Appeal from Trial Term.

Action by Barnett Berkowsky, as administrator of Bessie Berkowsky, deceased, against the New York City Railway Company. From a judgment for plaintiff, and from the denial of a new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Charles F. Brown, for appellant.
James H. Hickey, for respondent.

SCOTT, J. The plaintiff has recovered a judgment for damages for the death of his wife, who was injured by falling from the platform of one of defendant's cars. The complaint alleges that the car had come to a standstill and plaintiff's intestate attempted to alight therefrom; but before she had a reasonable time to do so, and while she was in the act of alighting therefrom, the car suddenly started up with a jerk, and she was thrown violently to the ground.

The crucial question in the case was whether or not the car had stopped before the deceased fell or was thrown off; the defendant contending that she was standing on the platform and fell off before the car had stopped. The plaintiff called as one of his witnesses a police officer named Levy, who testified that he saw the car approaching the point where the accident occurred, and saw the deceased standing on the front platform, and that just before the car came to a standstill it gave a jolt, and the woman fell from the platform. On cross-examination he reiterated the statement that the car came to a standstill after the deceased fell. It also appeared on cross-examination that the witness had a book in which he made a memorandum of the occurrence. Upon redirect examination, notwithstanding the witness' repeated and persistent declaration that his memory was perfectly clear and needed no refreshing, the plaintiff was permitted to read to the witness extracts from his memorandum apparantly contradictory to the testimony then given at the trial, and finally was permitted to read the whole memorandum in evidence. To all this due objection and exception was taken, and it is clear that thereby reversible error was committed. There is no doubt that, where a party is surprised at finding that a witness believed to be favorable is in fact adverse, it is permissible to cross-examine the witness and to put leading questions to him, and the extent to which this may be done is, generally speaking, within the discretion of the presiding judge. But there are limitations to the application of this rule, and one of them is that a party may not impeach his own witness by showing that he has previously made contradictory statements out of court. Coulter v. American Merchants' Union Ex. Co., 56 N. Y. 585; Nichols v. White, 85 N. Y. 531; Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515; Maloney v. Martin, 81 App. Div. 432, 80 N. Y. Supp. 763; O'Doherty v. Postal Telegraph Co., 113 App. Div. 636, 99 N. Y. Supp. 351. In the present case the only and the obvious purpose of calling attention to the contents of the memorandum was to impeach and discredit the witness. His testimony that the deceased fell off the car before it had stopped was clear and positive, and corresponded with the evidence previously given by him at the coroner's inquest. He insisted that his memory needed no refreshing, and, even if it had, it would not have been proper to read to the jury the contents of the memorandum; and, most of all, it was error to permit the memorandum to be read in evidence.

It is insisted that this memorandum was not permitted to be introduced as general evidence in the case; but the course of the trial indicates that it was so used. At the close of the case the defendant requested the court to charge that:

"No verdict can be rendered against this defendant upon the testimony of the police officer, Levy."

This charge the court refused to make, saying that that was entirely a question for the jury. Now the only testimony that the officer had given upon the crucial point of the case was such that, if believed, a verdict for the defendant must follow. The only evidence elicited upon the examination of the officer which would justify a verdict for the plaintiff was the statement contained in the memorandum. When, therefore, the court, by its refusal to charge as requested, left it to the jury to bring in a verdict upon the testimony of the officer, it necessarily held that such a verdict could be rendered upon the memorandum.

It is impossible to say that these errors did not affect the verdict, and the judgment appealed from must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.