HARRIS A. MILLER and Others, Respondents, *v.* GREENWALD PETTICOAT COMPANY, Appellant.

First Department, July 2, 1920.

Sales — action to recover for goods sold by sample — contradicting one's own witness by affidavit — right of opposing counsel to inspect document used to refresh recollection of witness — when erroneous ruling of court available on appeal, in absence of exception.

Where in an action to recover the price of goods sold by sample, the defendant contends that it accepted the goods which were not according to the sample only because the plaintiffs agreed to reduce the price, and the plaintiffs called as a witness a former employee who made the sale, who testified that the goods were sold according to the samples as shown by the defendant and denied that samples attached by the plaintiffs to an affidavit of the witness were attached thereto at the time he made the affidavit, it was error to admit the affidavit, that the plaintiffs' samples were attached, over the defendant's objection.

While the plaintiffs had a clear right to cross-examine their former salesman as a hostile witness, they had no right to introduce in evidence an affidavit made by the witness contradicting his testimony and in support of the plaintiffs' contention as to the samples, especially where there is no evidence whatever showing that the plaintiffs' samples were those attached to the affidavit when made.

Where there is an issue as to whether a tender claimed by the plaintiffs to have been made was made before or after delivery and the plaintiffs' witness was only able to testify positively on this issue after refreshing his recollection from certain invoices received by the plaintiffs from the manufacturer, it was error to refuse to allow the defendant to inspect the invoices in order to cross-examine the witness thereupon, unless it agreed to introduce the invoices in evidence, and this is true although the defendant's counsel may have had physical possession of the invoices during a portion of the trial.

The erroneous ruling of the court on the question aforesaid is available on appeal, although no exception was taken thereto by the defendant, if the question was squarely presented at trial and the plaintiffs' counsel was not misled by the failure of the defendant to take an exception.

APPEAL by the defendant, Greenwald Petticoat Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 29th day of May, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of May, 1919, denying the defendant's motion for a new trial made upon the minutes.

*Nathan Ottinger* of counsel. [*Walter Frank* with him on the brief], *Kurzman & Frank*, attorneys, for the appellant.

*Samuel Meyers* of counsel [*Albert J. Rifkind* with him on the brief], *Morris & Samuel Meyers*, attorneys, for the respondents.

SMITH, J.:

The action is brought upon a contract of sale of certain material to be used by the defendant in its business. While the complaint does not so allege, it was proven that the sale was by sample, and the only contention here is upon the question as to whether the sale was in accordance with the sample. The first cause of action is for goods delivered under the contract and accepted by the defendant. The evidence of the defendant is to the effect that the acceptance was under a claim by it that the goods were not according to sample, and under a contract with the plaintiff that it would accept those goods at a reduced price of thirty cents per yard, the contract price being thirty-one and one-half cents. The defendant admits its liability for those goods at the reduced

price, and the only question in the first cause of action is whether that acceptance was upon such a contract.

The second and third causes of action are based upon tenders made and refused by the defendant on the ground that the goods were not of the same quality as were the samples upon which the goods were sold. This was a question submitted to the jury, and the sole question upon the second and third causes of action.

These goods were sold by the plaintiffs' agent, Reiss. He was afterwards discharged by the plaintiffs and there was evident feeling between him and the plaintiffs existing at the time of the trial. Before the trial he had made an affidavit in behalf of the plaintiffs in which he had stated that the sale was made upon two samples which were stated to be annexed to the affidavit. Those samples were the samples claimed by the plaintiffs to have been the ones upon which the goods were sold. Reiss was not called by either party until about the close of the trial, when he was called by the plaintiffs, and he swore in response to questions asked by plaintiffs' counsel that the samples as shown by the defendant were the samples upon which the goods were sold. He was then shown an affidavit which had attached two samples which are claimed to have been the samples which were attached to the affidavit at the time it was made. Reiss admitted making the affidavit, but denied that these samples were attached, or that any samples were attached at the time that he made the affidavit. Thereupon, this affidavit with these samples attached was admitted in evidence over the defendant's objection, and undoubtedly influenced the jury in reaching its conclusion. This evidence was, in my judgment, incompetent evidence. The plaintiffs had chosen to make Reiss their own witness with full knowledge of his ill feeling. The plaintiffs had the clear right to an extent to cross-examine him as a hostile witness, but this right does not go to the extent of allowing a party to introduce in evidence an affidavit made by the witness contradicting his testimony and in support of the plaintiffs' contention. (*Bullard* v. *Pearsall*, 53 N. Y. 230; *People* v. *de Martini*, 213 id. 216; *Berkowsky* v. *New York City R. Co.*, 127 App. Div. 544.) It

is claimed that the examination of the witness was such that the jury could draw the inference that samples were in fact attached, but the samples as shown to the witness upon the stand as attached to the affidavit at that time were sworn by the witness not to have been his samples, and not to have been the samples shown to the defendant at the time the sale was made. In fact, there is no evidence whatever in the case showing that these samples were the samples attached at the time that the affidavits were made. For the admission of this affidavit with these samples attached, this judgment must be reversed and a new trial granted.

Upon the trial of the case the question was raised as to whether the tender claimed by the plaintiffs to have been made was made long after the delivery date expired, or prior thereto. Miller swore that this tender was made before the delivery date. He was unable, however, to swear positively, until his recollection was refreshed by the exhibition of certain invoices of goods received by the plaintiffs from the manufacturer. These invoices the defendant asked liberty to inspect, that he might cross-examine the witness thereupon. The trial judge refused to allow the defendant's counsel to inspect the invoices except upon the assurance that he would introduce them in evidence. This ruling, also, was in my judgment erroneous and the defendant had a clear right to inspect any paper which plaintiffs' witness had used to refresh his recollection, and without introducing that paper in evidence. The plaintiffs answer to the defendant's claim of error that it appeared upon the trial that the paper was handed by the witness to the defendant's counsel, and was in his possession and that he had an opportunity to inspect the same. That the defendant's counsel had the physical possession of the paper is undoubtedly true, for after the ruling of the court he handed back the paper. Under the ruling of the court, however, he did not have an opportunity to inspect the same or to cross-examine thereupon, which ruling constituted error prejudicial to the defendant. No exception was taken to this ruling by the defendant's counsel; nevertheless, the question was squarely presented. Neither the trial court nor the plaintiffs' counsel was misled by the failure of the defendant's counsel to take an exception, and as the evidence went

to a material fact which the plaintiffs were required to prove, we think, in view of the manner in which the case was tried, that this error should not be disregarded.

Other questions are raised in the appellant's brief which, in view of the conclusion which we have already reached, it becomes unnecessary to discuss, as they may not be presented upon another trial.

I recommend that the judgment and order be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.