SAM GREGO, Plaintiff, *v.* SAM DEMARIO and Another, Defendants.

Supreme Court, Madison County, October 26, 1928.

*Rocco Calli,* for the plaintiff.

*Coley & Kiley,* for the defendant Sam Demario.

Senn, J. The motion is based mainly on a ruling by the court on the trial, claimed to be erroneous and prejudicial, in admitting as evidence, over plaintiff's objection, a signed statement of the defendant Angelo Demario, made in the presence of the plaintiff.

The plaintiff was injured in an automobile accident. He is a son-in-law of the defendant Sam Demario and a brother-in-law of Angelo Demario who is a minor son of Sam Demario. At the time of the accident and at the time when the action was commenced, the parties hereto, together with the plaintiff's wife, daughter of one of the defendants and a sister of the other, all lived together as one family at the home of the defendant Sam Demario, and continued to so live together up to and including the time of the trial of this action, except that Angelo Demario was living in Syracuse at the time of the trial.

The plaintiff was in the employ of his father-in-law. The accident, on account of which the plaintiff asks damages, occurred while the plaintiff and the two Demarios were riding in an auto truck owned by Sam Demario. It was being driven in defendant's business, being the business in which plaintiff was employed.

Angelo was seated at the left driving the car, the father in the middle and the plaintiff at the right end of the seat. Angelo tried to pass an automobile which he had overtaken and in so doing collided with one coming in the opposite direction. The plaintiff was thrown from his seat and sustained the injuries complained of.

Further details of the accident need not be considered. The liability of the defendant Sam Demario depends on the alleged negligence of Angelo Demario.

About ten days after the accident, Howard L. Baldwin, an investigator for an unnamed employer, interviewed the plaintiff and the two Demarios as to how the accident occurred and as to who, if any one, was to blame. They were all together sitting on the back porch of Sam Demario's house. The statements of the three were reduced to writing and signed and sworn to by them before Mr. Baldwin as notary public. Mr. Baldwin testified on the trial that the statement of Angelo Demario was read out loud in the presence and hearing of the plaintiff, who interposed a correction as the statement was read, after which he made no objections thereto. Also that all the statements were read over and signed while all were together. These statements tended to exonerate Angelo from blame for the accident.

The case was tried by the defendants' attorney evidently on the assumption that for ulterior reasons (which, however, were not disclosed) the defendants were not averse to having the plaintiff succeed in his action. At any rate he did not examine either of the defendants as to their version of the transaction except that he called Angelo Demario to prove his signature to the statement signed by him. After Angelo's statement had been received and read in evidence he was examined by the plaintiff's attorney as to the accident and gave testimony more favorable to the plaintiff than that contained in his statement; after which the defendants' attorney examined him on the " re-direct " which was really in the nature of a cross-examination.

The question, therefore, is whether, under the circumstances, the statement of Angelo Demario made and read in the plaintiff's presence was properly received as evidence.

For the purposes of the instant motion I think that Angelo Demario is to be considered as a witness only, rather than as a party defendant. He was originally named as a codefendant in the action, but probably is not really such, as he is a minor and no guardian *ad litem* appears to have been appointed. Near the end of the trial something was stated, although not very definitely, about the case having been discontinued as to him. In that situation no judgment could have been rendered against him. (Civ. Prac. Act, § 202.) The defendant's attorney produced him as a witness, but went no further with him than to prove his signature to the statement to which the plaintiff's attention had been called on cross-examination. It was not offered to contradict the witness, for he had not testified to anything except his age and his signature, but rather as a statement which had been taken in the plaintiff's presence and assented to by him, and to contradict, as far as it might, the plaintiff's version of the accident. It does

not, therefore, fall within the condemnation of *Berkowsky* v. *N. Y. City Railway Co.* (127 App. Div. 544); *Miller* v. *Greenwald Petticoat Co.* (192 id. 559), and other cases cited by the plaintiff's counsel, as it would do if the witness had been first interrogated as to how the accident happened and thereafter the statement put in evidence to contradict him. In other words, it was claimed to constitute, in conjunction with his own statement to Mr. Baldwin, an admission by the plaintiff that the facts were as set forth in the witness' statement.

Although plaintiff denied having concurred in the statement, Mr. Baldwin's testimony made it a question of fact for the jury as to whether or not he concurred in it.

If I am correct in the opinion that Angelo Demario is not to be deemed as really a party defendant, then the statement was not necessarily his declaration in his own favor, at least not in the same sense as though he was actually contesting.

All things considered, I believe that the ruling complained of was not error and the motion to set aside the verdict and for a new trial should be and is denied.

An order to that effect may be submitted.