THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SCOTT M. BOICE, Appellant.

Third Department, October 7, 1982

34

APPEARANCES OF COUNSEL

*William J. Gray* (*Laurie B. Kurtzman* of counsel), for appellant.

*Sol Greenberg, District Attorney* (*George H. Barber* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

Shortly after 11:00 P.M. on July 4, 1979, Elizabeth Crosby, a pedestrian, was struck by a motorcycle driven by defendant. Miss Crosby died as a result of injuries sustained in the accident. The only person who witnessed the accident other than the deceased and defendant was Eileen Kirker, who was a passenger on defendant's motorcycle. A two-count indictment was handed down charging defendant with criminally negligent homicide (Penal Law, § 125.10) and driving while intoxicated (Vehicle and Traffic Law, § 1192, subd 3). Following a jury trial in which the defense did not call any witnesses, defendant was found guilty of criminally negligent homicide, not guilty of driving while intoxicated, and guilty of the lesser included offense of driving while ability is impaired (Vehicle and Traffic Law, § 1192, subd 1). Defendant was given a sentence of zero to four years of imprisonment for the criminally negligent homicide conviction and an unconditional discharge on the traffic infraction.

Defendant on this appeal challenges numerous actions taken by the trial court and argues that the separate and cumulative effect of those actions constituted reversible error in that they denied defendant a fair trial. We do not deem it necessary to engage in a detailed discussion of

each individual error alleged to have been committed by the trial court since, in our view, all of the challenged actions of the trial court were proper except one. The trial court permitted the District Attorney, over objection by defense counsel, to refresh Miss Kirker's recollection of the speed of defendant's motorcycle at the time of the accident by showing her a copy of her prior Grand Jury testimony. Since Miss Kirker had unequivocally testified at trial that she believed the motorcycle to be traveling between 30 and 45 miles per hour, there was no need to have her memory refreshed (*Berkowsky v New York City Ry. Co.,* 127 App Div 544; Richardson, Evidence [10th ed], § 466, p 457). However, even though use of Miss Kirker's Grand Jury testimony to refresh her recollection regarding the speed of defendant's motorcycle may have been error, it was harmless and did not deprive defendant of a fair trial (see *People v Crimmins,* 36 NY2d 230). Miss Kirker merely refined her original estimate of the motorcycle's speed to 40 miles per hour after having her memory refreshed. Furthermore, later testimony taken from an accident reconstruction expert provided the jury with another estimate of the motorcycle's speed, rendering Miss Kirker's testimony of less importance than had she been the only witness to testify on that subject.

██ The remaining arguments advanced by defendant for reversal of his conviction are unpersuasive. Any improper assumptions used by the accident reconstruction expert in establishing an impact point for the accident and the motorcycle's rate of speed affected the weight to be accorded the expert's testimony and not its admissibility. The trial court also correctly refused defense counsel's request to charge the crime of reckless driving (Vehicle and Traffic Law, § 1190) as a lesser included offense of the criminally negligent homicide count of the indictment. The culpable mental state required for the crime of reckless driving is higher than that needed to commit the crime of criminally negligent homicide (see Penal Law, § 15.05, subds 3, 4; *People v Montanez,* 41 NY2d 53, 56; *People v Lamphear,* 35 AD2d 305, 307). As such, reckless driving can never be a lesser included offense of criminally negligent homicide since it is theoretically possible to commit

the greater crime without concomitantly, by the same conduct, committing the lesser offense (see *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427).

■ Defendant also challenges the constitutionality of section 1192 of the Vehicle and Traffic Law as applied to the facts of this case. More specifically, defendant takes issue with the jury charge given by the trial court on the lesser included charge of driving while ability is impaired by the consumption of alcohol (Vehicle and Traffic Law, § 1192, subd 1).* While there may be merit to defendant's position, since the instructions given to the jury indicated that defendant would be guilty of the lesser included offense if his consumption of alcohol had even the slightest effect on *his* physical or mental abilities to operate his vehicle and did not judge defendant's abilities against the objective standard expected of the *average* driver (see *People v Cruz,* 48 NY2d 419, 426-427), this issue has not been preserved for our review since no exception was taken to the jury charge at trial (*People v Cadorette,* 56 NY2d 1007; see CPL 470.05, subd 2).

It is also our view that the trial court did not err by refusing to set aside the jury verdict as against the weight of the evidence, and that the sentence imposed was not unduly harsh and excessive.

■ Finally, we address the issue raised by defendant on the separate appeal taken from the denial of his CPL 440.10 motion to vacate the judgment of conviction. Defendant alleges that the prosecution's failure to provide him with a statement given by Miss Kirker prior to when she testified before the Grand Jury violated his constitutional rights of confrontation and due process in that the state-

---

\* The relevant portion of the jury charge given was as follows:

"According to the law, ladies and gentlemen, a person's ability to operate a motor vehicle is impaired when he has voluntarily consumed alcohol to such an extent as to diminish or reduce his ability to operate said motor vehicle, even in the slightest degree. If the consumption of alcohol has any effect at all, even the slightest, upon the physical or mental ability of the defendant to operate the motor vehicle, that is sufficient to constitute driving while impaired, under the lesser included offense under the second count of the indictment.

"In determining whether or not the defendant's ability to operate his motor vehicle was impaired by the consumption of alcohol according to this definition of the law, you may consider the totality of all the circumstances."

ment contained significant discrepancies and major omissions when compared to Miss Kirker's trial testimony. While the failure of the prosecution to furnish defendant with this statement was error (see CPL 240.45, subd 1, par [a]), we agree with the conclusion reached by the trial court that such error was not prejudicial to defendant since the statement did not, in fact, significantly contradict the testimony given by Miss Kirker at trial (see *People v Payne*, 52 NY2d 743). Accordingly, both the judgment and order should be affirmed.

The judgment and order should be affirmed.

SWEENEY, KANE, WEISS and LEVINE, JJ., concur.

Judgment and order affirmed.