OPINION OF THE COURT
William D. Friedmann, J.
A prosecutor’s charge-down request, following a nonjury trial, puts in focus, on a first impression basis, the applicability of three lesser included crimes, whether reckless driving (Vehicle and Traffic Law § 1190) and assault in the third degree (Penal Law § 120.00 [2], [3]) are lesser included crimes with respect to the indicted charge of vehicular assault (Penal Law § 120.03).
RELEVANT FACTS UNDERLYING CHARGE-DOWN REQUEST
Defendant struck a pedestrian with his taxicab while making an uncontrolled U-turn at the corner of 71st Avenue and Queens Boulevard in Forest Hills, Queens, at approximately 5:00 a.m. on March 20, 1984. The pedestrian was seriously injured and was removed to hospital for treatment. The police responded and the defendant, near the scene, told them he was the driver of the cab and that he had been drinking and using cocaine and had not slept for a prolonged period prior to his driving his taxicab prior to the incident. Defendant was then placed under arrest for driving while intoxicated. During the questioning, the responding police officer noticed the smell of alcohol on defendant’s *227 breath, his bloodshot eyes and slurred speech. Subsequently, he was administered a breathalyzer exam and found to have .08% alcohol in his blood. Thereafter, defendant was indicted by a Queens Grand Jury for the crimes of vehicular assault (Penal Law § 120.03 [E felony]), driving while impaired by drugs (Vehicle and Traffic Law § 1192 [4] [unclassified misdemeanor]) and driving while impaired by alcohol (Vehicle and Traffic Law § 1192 [1] [traffic infraction]).
TRIAL DETERMINATIONS AND CHARGE-DOWN CONTENTIONS
Following the nonjury trial, the court found the defendant guilty of operating a motor vehicle while impaired by alcohol (Vehicle and Traffic Law § 1192 [1]) and, on motion, dismissed the charge of operating a motor vehicle while impaired by drugs (Vehicle and Traffic Law § 1192 [4] [an unclassified misdemeanor]).
The court further held that the People had failed to sustain their burden of proof regarding the vehicular assault count (Penal Law § 120.03 [E felony]) but reserved decision for the purpose of considering any request by either party as to lesser included crimes, as to that count, if any.
Thereafter, the People requested this court to consider reckless driving (Vehicle and Traffic Law § 1190) and assault in the third degree (Penal Law § 120.00 [2], [3]) as lesser included crimes under vehicular assault (Penal Law § 120.03).
Defendant opposed such requests, contending that reckless driving and reckless assault (Penal Law § 120.00 [2]) require a higher culpable mental state than that charged in the indictment. Defendant also contended that the People had not proved, beyond a reasonable doubt, that the defendant acted with criminal negligence (Penal Law § 120.00 [3]).
court’s duty to consider
LESSER INCLUDED OFFENSES
The law imposes upon a trial judge, upon a trial of felony indictments, the duty and responsibility of considering not only the crime charged in the indictment, but also every possible lesser included crime or crimes that the evidence may support.* A lesser included crime is defined in CPL 1.20 (37) as: “ ‘Lesser included offense.’ When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with *228 respect to the former, a ‘lesser included offense.’ In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto.”
The Court of Appeals, in People v Green (56 NY2d 427 [1982]), held that a two-prong test should be applied by trial judges in determining whether a lesser count is, in law, a “lesser included crime”. One prong is a strict statutory test. The other is purely an evidentiary test based on the evidence in each case (People v Mussenden, 308 NY 558; CPL 300.50 [1]).
CONSIDERATION OF THE THREE REQUESTS FOR CHARGE-DOWN
As to the first prong of the two-prong test “strict statutory test,” the court notes that the greater crime (indicted charge) in this case is that of vehicular assault (Penal Law § 120.03). It requires the defendant to act with criminal negligence. Criminal negligence is defined in Penal Law § 15.05 (4) as “he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists.”
The court has duly considered the District Attorney’s contention that it should consider reckless driving and assault in the third degree (Penal Law § 120.00 [2]). However, the court will not consider these two offenses since it determines that they are not lesser included offenses. These crimes require a higher culpable mental state than originally charged in the indictment. The mental state of recklessness requires an awareness and a conscious disregard of the consequences and therefore cannot be considered by the court as a lesser included offense since they fail the impossibility test mandated by CPL 1.20 (37) (People v Boice, 89 AD2d 33; People v Lamphear, 35 AD2d 305).
With respect to assault in the third degree (Penal Law § 120.00 [3]), this crime requires an injury to a person by means of a dangerous instrument and the culpable mental state of criminal negligence. It appears to this court that this crime is clearly a lesser included offense which meets the two-prong test of a lesser included offense, pursuant to People v Green (supra). Both the requirements of the strict statutory test and the evidentiary test have been met.
Accordingly, the court must consider assault in the third degree (Penal Law § 120.00 [3]), pursuant to CPL 300.50 (1) which provides that a court may, in its discretion, submit or consider any lesser included offense, “if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater.”
*229 Upon an analysis of the trial record, this court concludes that a reasonable view of the evidence would support a finding that the defendant committed the lesser crime of assault in the third degree (Penal Law § 120.00 [3]).
The proof at trial clearly established that the defendant operated his taxicab while under the influence of alcohol, without adequate sleep and, by his own admission, after using cocaine. The court considered the defendant’s conduct in and around the scene of the occurrence, his physical condition after the event, as well as the fact that he is a cab driver by trade, in reaching its verdict.
The court finds that the defendant’s taxicab can be, and under the circumstances present, was a dangerous instrument, as a matter of law, when in the hands of an alcohol impaired driver. In this case, the defendant made an uncontrolled U-turn with his taxicab, at more than a reasonable rate of speed, and thereby mounted a sidewalk by more than 10 feet before striking a pedestrian.
In determining the existence of “criminal negligence”, the court has considered the defendant’s conduct and circumstances, pursuant to the standards set forth in People v Haney (30 NY2d 328, 335). Haney states the basis of violation as being “entirely on the circumstances of the particular conduct * * * the act or acts * * * [involving] a substantial and unjustifiable risk, and whether the failure to perceive it was such as to constitute a gross deviation from the standard of care which a reasonable man would have observed under the same circumstances * * * [is] left directly to the trier of the facts.”
CONCLUSION
The court holds the defendant acted with at least the mental state of criminal negligence (Penal Law § 15.05 [4]) and therefore is found guilty of the lesser included offense of assault in the third degree (Penal Law § 120.00 [3] [A misdemeanor]).
Short form order signed herewith.
The clerk of the court is directed to mail a copy of this decision and order to the attorney for the defendant and to the District Attorney.

 Sobel, Prosecutor’s Charge-Down, A Dilemma for Trial Judges, NYU, Dec. 22, 1983, p 1, col 4.