OPINION OF THE COURT
Frederick D. Dugan, J.
Defendant here moves to dismiss the indictment on the *741 grounds of previous prosecution barring a second prosecution of the offenses set forth in the indictment (US Const 5th Amend; NY Const, art I, § 6; CPL 40.20).
The offenses charged arose from defendant’s alleged operation while intoxicated of a motorboat which left the waters of Canandaigua Lake and struck the shore causing injury to a passenger in the boat on August 7, 1986 in the County of Yates. The indictment is dated September 4, 1986.
Defendant is charged in three counts: (1) assault in the second degree, the class D violent felony (Penal Law § 120.05 [4]; § 70.02 [1] [c]), alleging recklessly caused serious physical injury by means of a dangerous instrument; (2) assault by operation of a vessel in the second degree, the class E felony (Navigation Law, § 49 [4] [b] [2]), alleging criminal negligence causing serious physical injury by operation of vessel while in an intoxicated condition; and (3) operating a vessel in an intoxicated condition, the violation (Navigation Law § 49 [4] [a] [2], [5]) alleging operation of a vessel while in an intoxicated condition.
It is noted that the two Navigation Law provisions alleged in the second and third counts are part of amendments to that statute effective August 5, 1986, two days before the alleged incident (L 1986, ch 450, § 2).
It is also noted that the third count, operating a vessel in an intoxicated condition, is an element of the offense in the second count, assault by operating a vessel in the second degree.
Defendant’s motion to dismiss on double jeopardy grounds states that on August 19, 1986 he pleaded guilty to operating a vessel in an intoxicated condition, the violation, as shown by the certificate of conviction of the Middlesex Town Court, a conviction for the identical offense in the third count of the indictment, some two weeks before the indictment. Defendant was fined $200.
There was no adjournment of the Town Court proceedings for the purpose of presenting the charge against defendant to the Grand Jury (CPL 170.20 [2]; People v Barkin, 49 NY2d 901).
A person may not be twice prosecuted for the same offense. The third count of the indictment, operating a vessel in an intoxicated condition, the violation, is dismissed (CPL 40.20 [1]; 40.30 [1] [a]).
Assault by operating a vessel in the second degree, the class *742 E felony charged in the second count, is committed when a person with criminal negligence causes serious physical injury to another person by operation of a vessel on the waters of the State and while his ability to operate a vessel is impaired by the consumption of alcohol or he operated the vessel in an intoxicated condition (Navigation Law § 49 [4] [b] [2]; [a] [1] or [2]).
This new provision creates an aggravated form of the misdemeanor of assault in the third degree as defined in subdivision (3) of Penal Law § 120.00, there criminal negligence causing physical injury by means of a dangerous instrument, here specified as a vessel and raised to the level of a class E felony by requiring (1) serious physical injury and (2) operation of the vessel while impaired or intoxicated.
Assault by operating a vessel in the second degree is comparable to vehicular assault in the second degree, also a class E felony (Penal Law § 120.03), there criminal negligence causing serious physical injury in the operation of a vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). (See, People v LeBeau, 128 Misc 2d 226.) Note that assault by operating a vessel also includes operation while ability is impaired by consumption of alcohol which is not provided in vehicular assault.
The second count of the instant indictment contemplates causing serious physical injury by criminal negligence in the operation of a vessel while impaired or intoxicated. Criminal negligence involves culpability based upon a failure to perceive a substantial and unjustifiable risk of serious physical injury occurring, a risk of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe (Penal Law § 15.05 [4]).
The first count of this indictment charges assault in the second degree, the class D violent felony, recklessly causing serious physical injury by means of a dangerous instrument (Penal Law § 120.05 [4]). Dangerous instrument includes a mechanically propelled vessel (Penal Law § 10.00 [13], [14]).
This charge of reckless assault involves culpability based upon an awareness of and conscious disregard of a substantial and unjustifiable risk that serious physical injury would occur, a risk of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe, with the provision *743 that a person who creates such a risk of serious physical injury but is unaware thereof solely by reason of voluntary intoxication also acts recklessly with respect thereto (Penal Law § 15.05 [3]).
Upon the allegations of the indictment both of these assault counts involve causing serious physical injury by operating a vessel when intoxicated. The counts are distinguished only by the different culpability, a reckless act in the first count and criminal negligence in the second count.
Both are concurrent counts, committed through a single act or omission (Penal Law § 70.25 [2]; CPL 300.30 [3]).
Both are inclusory concurrent counts, the offense charged in the first count of assault in the second degree, the class D violent felony, being greater than that charged in the second count, assault by operation of a vessel in the second degree, a class E felony, and the latter, criminal negligence, being a lesser offense included within the greater offense, reckless assault (CPL 300.30 [4]), since it would be impossible to commit reckless assault without concomitantly committing the lesser offense of criminally negligent assault by operation of a vessel (CPL 1.20 [37]). As inclusory concurrent charges, these two counts, like all lesser included crimes, must be submitted to the trier of fact in the alternative (CPL 300.40 [3] [b]; 300.50 [1]) to avoid the risk of repugnant verdicts.
Upon the indicated facts, it would be impossible to commit the class D felony of reckless assault without concomitantly committing, by the same conduct, the class E felony of criminally negligent assault by operation of a vessel and both would necessarily involve committing the offense in the third count, the violation, operating a vessel in an intoxicated condition. Additionally, upon the indicated facts there could be a reasonable view of the evidence which would support a finding that this lesser offense was committed if the trier of fact determined that the greater offense of reckless assault was not committed. So, too, in the alternative, as to operating a vessel while intoxicated, the violation, if the trier of fact determined that the greater offense of criminally negligent assault was not committed. (CPL 300.50 [1].) The second and third counts of the indictment are lesser included offenses to the first and second counts (CPL 1.20 [37]).
What distinguishes the three offenses are the requirement of a physical injury in the assault counts and the different culpability required to be proved for each count. All three *744 offenses prohibit the operation of a vessel while intoxicated; the reckless assault statute providing that one who is unaware of the risk of serious physical injury solely by reason of voluntary intoxication acts recklessly, the criminally negligent vessel assault statute contemplating that intoxication could be proof of one’s failure to perceive the risk of serious physical injury and the operation of a vessel while intoxicated prohibiting the same on its terms. While the latter does not contemplate physical injury, here the abiding prohibition of all three statutes is the operation of a vessel while intoxicated, the identical proof required under all three counts from the act or transaction alleged in the indictment. (Brown v Ohio, 432 US 161; Blockburger v United States, 284 US 299; Matter of Johnson v Morgenthau, 69 NY2d 148.)
If two offenses are the same for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions, for if the imposition of cumulative punishment of two crimes at the end of a single proceeding is forbidden, the prosecution is prohibited from striving for the same result in successive proceedings (Brown v Ohio, supra, at 165).
Under the New York statute, separate prosecutions are authorized for two offenses based upon the same act or transaction in specified situations (CPL 40.20 [2]). As applicable here, it must be determined that the offenses have substantially different elements and the acts establishing one offense are in the main clearly distinguishable from those establishing the other (CPL 40.20 [2] [a]).
Here all of the elements of each offense are based upon the act of operating a vessel while intoxicated and the requirement of causing a physical injury for reckless assault or for criminally negligent assault is intrinsically tied to determination of nonintentional culpability based upon intoxication.
In the alternative, separate prosecution is authorized if each offense contains an element which is not an element of the other and "the statutory provisions defining such offenses are designed to prevent very different kinds of harm or evil” (CPL 40.20 [2] [b]).
Again, the element of causing a physical injury required in the reckless assault and criminally negligent assault counts is intrinsically tied to a determination of nonintentional culpability based upon intoxication and the harm or evil sought to be prevented in all three offenses is the same, operating a *745 vessel while intoxicated, rather than being a very different kind of harm or evil.
No other statutory exceptions authorizing separate prosecution would apply to the instant case (CPL 40.20 [2]).
A criminal transaction is conduct which establishes at least one offense and which is comprised of two or more or a group of acts either so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture. (CPL 40.10 [2].) The term is primarily a factual concept denoting an episode of conduct which gives rise to one or more offenses. (Matter of Abraham v Justices of N. Y. Supreme Ct., 37 NY2d 560.) It is the fact of the prior prosecution of one of the offenses, not the result, which triggers the statutory protection. (Matter of Wiley v Altman, 52 NY2d 410; People v Abbamonte, 43 NY2d 74.)
The indictment and the three counts there are dismissed.