OPINION OF THE COURT
Joseph Harris, J.
The instant case presents the following paradox: how, upon the same conduct, can a Grand Jury legally absolve one for a higher offense requiring a lower culpable mental state, yet indict for a lesser offense requiring a higher culpable mental state? Reduced to the real terms of the instant case, can a Grand Jury no-bill a submission for the class E felony of criminally negligent homicide, which requires a culpable mental state of "criminal negligence”, and indict, upon the same conduct for the misdemeanor of reckless driving, which requires the higher culpable mental state of "recklessness”.
Briefly the facts of this case are as follows:
Route 7 in the Town of Colonie, County of Albany, is a four-lane highway, two lanes eastbound and two lanes westbound. On April 19, 1988, the defendant, operating his motor vehicle in the eastbound driving lane, entered the passing lane to pass a preceding vehicle. Shortly thereafter, before he could return to the driving lane, he collided with another vehicle stopped in the passing lane waiting to make a left turn. Defendant’s *151 vehicle bounced off the other vehicle, lost a wheel, crossed over into the westbound lanes, and struck a westbound vehicle. The driver of the westbound vehicle was killed.
The defendant appeared before the Grand Jury but claimed amnesia with respect to the events of the accident. There was no evidence of intoxication nor of illegal speed.
The People submitted for consideration by the Grand Jury charges of criminally negligent homicide and reckless driving. The Grand Jury no-billed the charge of criminally negligent homicide but returned a true bill with respect to the charge of reckless driving.
The court has reviewed the Grand Jury minutes and finds the evidence legally sufficient to establish the commission by the defendant of the offense charged — namely, reckless driving. However, the defendant contends, firstly, that the finding of reckless driving is inconsistent with the no-bill respecting the charge of criminally negligent homicide, in that reckless driving imports "recklessness”, a higher culpable mental state than the "criminal negligence” required for criminally negligent homicide — in other words, how can the same conduct be "reckless” if it is not "criminal negligence”? And secondly, the defendant contends that the Grand Jury presentation was defective in that the People failed to instruct the Grand Jury on the definition of "recklessness” as set forth in Penal Law § 15.05 (3), but merely instructed the jury in the statutory language of reckless driving.
To cut this Gordian knot requires the court, initially, to engage in a comparative analysis of the offenses of criminally negligent homicide and reckless driving.
The offense of criminally negligent homicide, a class E felony, set forth in Penal Law § 125.10, is defined as follows: "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person.”
Reckless driving, an unclassified misdemeanor, set forth in section 1190 of the Vehicle and Traffic Law is defined in pertinent part, as follows: "Reckless driving shall mean driving or using any motor vehicle * * * in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway.”
The usual starting point for this analysis is the oft-stated legal holding that the "culpable mental state required for the *152 crime of reckless driving is higher than that needed to commit the crime of criminally negligent homicide (see Penal Law, § 15.05, subds 3, 4; People v Montanez, 41 NY2d 53, 56; People v Lamphear, 35 AD2d 305, 307).” (People v Boice, 89 AD2d 33, 35.) The usual context of this statement is the question of whether or not reckless driving is a "lesser included offense” of criminally negligent homicide. (See, CPL 1.20 [37].)
In Boice (supra) the court implied that the offense of reckless driving required a culpable mental state of "recklessness”, as defined in Penal Law § 15.05 (3), a higher culpable mental state than "criminal negligence”, defined in Penal Law § 15.05 (4), and required for the offense of criminally negligent homicide, and that, accordingly, reckless driving can never be a lesser included offense of criminally negligent homicide. (See, People v Glover, 57 NY2d 61; People v Green, 56 NY2d 427.)
In Green (supra) the Court of Appeals held that where the elements of a lesser and a greater crime are identical with the exception of the requisite culpable mental states, and the culpable mental state of the lesser is lower than the culpable mental state of the greater, then the lesser offense is a "lesser included offense” of the greater (CPL 1.20 [37]), "since the lower forms of mental culpability are necessarily subsumed within the higher mental states.” (People v Green, supra, at 433.)
It is apparent from Green (supra) that the converse is not true — that where the mental culpability required for the lesser offense is greater than the mental culpability required for the greater offense, the lesser crime is not a "lesser included offense” of the greater.
In this respect, Boice (supra) is correct, although it is submitted that a stronger reason why reckless driving is not a lesser included offense of criminally negligent homicide is that the conduct required for each is different. Criminally negligent homicide can be committed in ways other than the operation of a motor vehicle; reckless driving can be committed only through the operation of a motor, vehicle. Thus the first prong of the two-prong test of Glover (supra) is not met— which requires, on a theoretical basis, in all circumstances, that it is impossible to commit the greater crime without concomitantly committing, by the same conduct, the lesser offense.
It is this "theoretical basis” requirement of lesser included offenses that makes it legally permissible for the Grand *153 Jury herein to, on the same conduct, "no-bill” the charge of criminally negligent homicide and to find a true bill with respect to reckless driving, even though the mental state required for the lesser offense is higher than that required for the greater offense.
While this "theoretical basis” solution to the question presented is legally correct, and nothing further is legally needed to answer the contention of the defendant, this solution to many may seem conceptually and intellectually unsatisfying.
Fortunately the paradox dissolves upon a precise and careful scrutiny of the culpable mental states involved, revealing that they are not abstract and general, but factual, specific, and result-oriented.
Thus Penal Law § 15.05 (4) defines criminal negligence as follows: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. ” (Emphasis added.) And Penal Law § 15.05 (3) defines the culpable mental state of "recklessly” in this manner: "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. ” (Emphasis added.)
Thus it is conceptually, and under the circumstances herein, even reasonably, possible that a Grand Jury might find no criminal negligence in the instant case, in that there was no substantial and unjustifiable risk that the defendant’s conduct would cause homicide, as required for criminally negligent homicide, yet find that the defendant was aware of, and consciously disregarded, a substantial and unjustifiable risk that his conduct would "unreasonably interfere * * * with the free and proper use of the public highway, or unreasonably endanger * * * users of the public highway” (conduct required for reckless driving), resulting in harm to such users less than death.
To answer the second contention of the defendant needs only reference to People v Calbud, Inc. (49 NY2d 389) in which the Court of Appeals stated that, given the functional difference between a Grand Jury and a petit jury, "it would be unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are *154 utilized in assessing a trial court’s instructions to a petit jury”, and held: "In view of the divergent functions of the two bodies * * * a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law.” (People v Calbud, Inc., supra, at 394.)
It is imperative to note that, despite language in Boice and Lamphear (supra) which some could construe to imply otherwise, the culpable mental state of recklessness, as set forth in Penal Law § 15.05 (3), is not an "element” of the offense of reckless driving, even though case law requires that the conduct proscribed in the statute creating the offense of reckless driving be defined in terms of recklessness.
For a "culpable mental state” to be an "element” of a crime, requires that the creating statute, in defining the offense, specifically set forth the culpable mental state as an element thereof. Thus, e.g., Penal Law § 125.25 (1), defining murder in the second degree, specifically sets forth therein as an element of the crime, the culpable mental state of "intent”, and Penal Law § 125.25 (2), defining depraved indifference murder, specifically includes as an element the culpable mental state of "recklessness”, and Penal Law § 125.10, defining criminally negligent homicide, specifically sets forth as an element the culpable mental state of "criminal negligence”. In contrast to this, robbery is considered a strict liability offense inasmuch as no culpable mental state is specifically set forth in the statute creating the crime. (See, People v Green, supra.) Likewise, Vehicle and Traffic Law § 1190, creating the offense of reckless driving, does not specifically set forth a culpable mental state as an element.
That this analysis is correct — that even though case law may require that the conduct needed for reckless driving be defined in terms of recklessness, as that is defined in Penal Law § 15.05 (3), yet nevertheless that does not make the culpable mental state of recklessness an "element” of the crime — finds support in People v Grogan (260 NY 138).
This concept is important, for if the culpable mental state of recklessness were in fact an "element” of the crime of reckless driving, that might well require an instruction to the Grand Jury of the specific language of Penal Law § 15.05 (3). The holding by this court that Penal Law § 15.05 (3) is not per se an "element” of the offense of reckless driving, even though the cerebral context of the conduct constituting said offense parallels the cerebral state set forth in Penal Law § 15.05 (3), *155 invokes the holding of the Court of Appeals in Calbud (supra) that a Grand Jury need not be instructed with the same degree of precision as a petit jury, and under Calbud this court finds the legal instructions given by the People to the Grand Jury in the instant case, legally sufficient.
Respecting the seeming paradoxes involved in this case, it is instructive to note, as did the Court of Appeals in Matter of Martinis v Supreme Ct. (15 NY2d 240, 246), the operative differences between reckless driving and criminally negligent homicide (as set forth in section 1053-a of the former Penal Law, the predecessor to what is now section 125.10 of the present Penal Law). "[T]he killing of a human being at common law and now by statute has always been regarded and treated as serious crime” (supra, at 246). In contrast, the purpose of the crime of reckless driving is "to regulate and control the use and operation of vehicles on the public highway (Vehicle and Traffic Law, § 300)” (supra, at 246).
Accordingly, for all of the above reasons, the motion by the defendant to dismiss the indictment for alleged legal insufficiency of the evidence and of the instructions on the law is denied.